### JOHN HAMILTON v. THE STATE.

No. 7881. Decided May 14, 1924.

**1.—Burglary—Accomplice—Charge of Court.**

Where, upon trial of burglary, the evidence showed that defendant's companion who informed upon the latter was an accomplice, the jury should have been charged under appropriate instructions that if they found defendant's companion to be an accomplice no conviction could be had upon his evidence, in the absence of corroboration.

**2.—Same—Argument of Counsel.**

This court believes that the district attorney permitted his zeal to carry him beyond proper bounds in asserting his belief as to the appellant's guilt and his companion's innocence, and this should be avoided upon another trial.

Appeal from the District Court of Erath. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ove É. Overson,* for appellant.—On question of accomplice: West v. State, 28 Texas Crim. App., 4; Title v. State, 35 Texas Crim. Rep., 96; Davis v. State, 55 id., 500; Clark v. State, 60 id., 173; Jones v. State, 59 id., 559.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, Judge.—Conviction is for burglary, punishment being assessed at two years confinement in the penitentiary.

On the night of December 21st the store of Frank Grissom was burglarized in the town of Lingleville in Erath County, and a quantity of goods taken therefrom. The defendant lived at Ranger. On December 25th the sheriff searched the house of appellant and between the mattress and springs of a bed found merchandise answering the description of that which had been stolen from the burglarized store. Some of it was identified positively by Mr. Grissom; that which he could not identify positively answered in a general way the description and quantity of that taken at the same time as the identified goods. Before making the search the sheriff asked appellant if he was John Hamilton; appellant told the officer that John Hamilton lived in another portion of the city of Ranger. The main point in the case is the refusal of the court to charge upon accomplice testimony, and upon that issue we condense the evidence.

Appellant's defense to the burglary was an alibi. In support thereof he introduced among other witnesses one Murlin Brown who testified to facts supporting that issue. Upon cross-examination the state elicited from Brown that a week or ten days prior to the burglary witness, appellant and Joe Pinkerton had discussed a proposed burglary of Grissom's store. The substance of Brown's evidence was that the three of them were talking of and planning the burglary, but that he and Pinkerton told appellant they would not go unless there was some money in it for them; that appellant wanted to get the "stuff" from Grissom's store for appellant's children, and said if witness and Pinkerton would help him in that job, that he would help them in some other job they could get money out of. Brown, however, denied any connection with the burglary himself, and testified to facts which, if believed, made out a complete alibi for appellant. The latter accounted for his possession of the goods by an alleged purchase from one Todd. Appellant admitted that he had a conversation with Pinkerton about burglarizing the Grissom store, but claims that Pinkerton broached the subject and that when appellant refused to be a party to it Pinkerton said he would get Todd to help "pull off the job." He denied soliciting the aid of Brown and Pinkerton in the proposed burglary, or of promising to aid them in some other enterprise as a return for their help in this one. The state called Pinkerton in rebuttal. It appears from his testimony that he, Brown and appellant had formerly resided at Lingleville; that the sheriff made inquiry of witness about the burglary; that he told the sheriff he thought he knew who committed it; that witness went to appellant's house and ascertained from him about the burglary and upon information of these facts to the officer by witness the search and recovery of the goods were effected. Pinkerton denied

any connection with the burglary, or any knowledge of a man named Todd, or any mention of such a man in a prior conversation with appellant. Pinkerton's version of the conference relative to the proposed burglary was that some week or ten days before the burglary appellant proposed that Pinkerton and Brown help·in burglarizing Grissom's store, giving as his reason that he was out of work and had to get something for his wife and children; that witness declined because there was no money in it, but told appellant if there was any money in it he might do it, and that appellant said if witness and Brown would help him he would pay them; that Brown was not present at the time of this first conversation but that witness saw him that night and told him of appellant's proposition, and the next morning that witness and Brown told appellant they would not go into it as there was no money in it; that appellant said if they would help him he would help them do something else. Pinkerton further testified that in the conversation with appellant after the burglary he told witness how the store was broken into.·

In this state of the record the court instructed the jury that if they believed Pinkerton burglarized the store to acquit appellant, but declined to charge upon the issue as to whether Pinkerton was an accomplice witness. In refusing this issue we are of the opinion the learned trial judge was in error. Brown, Pinkerton and appellant all agree that the proposed burglary was discussed, appellant claiming that he declined to participate when it was proposed by Pinkerton; the latter claimed it was proposed by appellant, considered by Brown and him (Pinkerton) and the plan rejected solely upon the ground that no money appeared in sight for them. It was from Pinkerton the officers received the first information that appellant.was the guilty party. Pinkerton claims to have based his belief of appellant's guilt upon the proposition made some days before, confirmed by a statement which he says appellant made after the burglary admitting it and telling how it was done. Appellant says he bought the stolen goods from the very man Pinkerton said he was going to get to help· in the burglary when appellant declined to do it. The jury were not required to accept as true in its entirety the story of either Brown, Pinkerton or appellant. The evidence, we think, raised an issue as to whether Pinkerton was an accomplice, as that term is applied to witnesses. The rule is well stated in Sec. 702, Branch's A. P. C. and many cases collated illustrative of it. The jury under appropriate instructions should have been told when a witness would be regarded as an accomplice and told that if they found Pinkerton to be such, no conviction could be had upon his evidence in the absence of corroboration. The evidence is in such condition we cannot say but that the jury would have been warranted in concluding that Pinkerton and appellant, and perhaps Brown, all participated in the burglary.

We think the district attorney permitted his zeal to carry him beyond proper bounds in asserting his belief as to appellant's guilt and Pinkerton's innocence. This will be avoided in another trial.

For the error pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*